IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GARY LEE SMITH,

                Plaintiff,

vs.                             Case No. 19-3202-SAC

KIMBERLY PEETE,

                Defendant.

**O R D E R**

Plaintiff states that he was released from imprisonment on August 29, 2019 and that he resides at 4715 Brewer Place, Leavenworth, Kansas 66048. This is the address of a residential reentry facility called the Grossman Center. Plaintiff has filed a pro se complaint (Doc. No. 4) against Kimberly Peete, who plaintiff identifies as a United States Probation Officer from the Western District of Missouri. His complaint alleges claims under 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff has asked for leave to proceed in forma pauperis. This case is now before the court for the purpose of screening the complaint pursuant to 28 U.S.C. §§ 1915 and 1915A.

I. Screening standards

Sections 1915(e)(2) and 1915A authorize the court to review cases to determine whether the complaint is frivolous, malicious

or fails to state a claim upon which relief may be granted. A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). But, a pro se litigant's conclusory allegations without supporting facts "are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a [pro se] plaintiff's complaint or construct a legal theory on plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009). The court, however, is not required to accept legal conclusions alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice" to state a claim. Khalik v.

United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557).

## II. Plaintiff's allegations

Plaintiff's complaint alleges four claims. The first claim asserts that defendant from September 5, 2019 to the present has ordered plaintiff not to use any computer or visit any library to conduct legal research or to prepare any legal documents. Plaintiff alleges that he was denied access to the law library at the Leavenworth Justice Center in Leavenworth, Kansas. Plaintiff claims that this has violated plaintiff's right of access to the courts.

Plaintiff's second claim asserts that he is a Democratic Presidential candidate for 2020 and that defendant has denied plaintiff access to the Internet to communicate his platform in

3

violation of plaintiff's First Amendment rights to freedom of speech. Plaintiff's third claim is also a free speech claim. He asserts that he has been denied access to a computer or the Internet to advance his business ideas and to search for employment.

Plaintiff's fourth and final claim alleges that from October 15, 2019 to the present, defendant has denied plaintiff "the opportunity to attend church or church services." Doc. No. 4, p. 8.

Plaintiff seeks damages and declaratory relief.

III. <u>Plaintiff cannot bring a claim under § 1983</u>.

Section 1983 provides a cause of action against "any person who, acting under color of state law, deprives another of a right, privilege, or immunity secured by the Constitution or laws of the United States." Plaintiff identifies defendant Peete as a United States Probation Officer. As such, she is not acting under color of <u>state</u> law and cannot be liable under § 1983. <u>Wheedlin v. Wheeler</u>, 373 U.S. 647, 650 n.2 (1963)(federal officer not liable under § 1983); <u>Big Cats of Serenity Springs, Inc. v. Rhodes</u>, 843 F.3d 853, 869 (10th Cir. 2016)(§ 1983 not directed at federal officials' conduct).

IV. <u>Plaintiff's allegations do not support a Bivens damages claim</u>.

In <u>Bivens</u>, the Supreme Court recognized an implied private action for damages against federal officers who were alleged to

4

have violated the plaintiff's constitutional rights against unreasonable search and seizure under the Fourth Amendment. Since then, the Supreme Court has extended the Bivens remedy only twice - - to cover a claim of an Eighth Amendment violation (Carlson v. Green, 446 U.S. 14 (1980)) and to cover an alleged violation by a Congressman of the equal protection component of the Fifth Amendment's Due Process Clause in an employment context (Davis v. Passman, 442 U.S. 228 (1979)). The Ninth Circuit has observed that the Supreme Court has not extended Bivens to First Amendment violations. Vega v. United States, 881 F.3d 1146, 1153 (9th Cir. 2018) (citing Reichle v. Howards, 566 U.S. 658, 663 n.4 (2012)). The court in Vega specifically observed that the Supreme Court and the Ninth Circuit have not expanded Bivens to cover First Amendment access to the courts claims. Id. In Mack v. Warden Loretto FCI, 839 F.3d 286, 305 (3rd Cir. 2016), the court stated that the Supreme Court and the Third Circuit have never extended Bivens to cover free exercise of religion claims.

This long-exercised judicial caution towards extending the range of Bivens to any new context, including First Amendment claims, is one reason to find that plaintiff's complaint fails to state a claim for damages. See K.B. v. Perez, 664 Fed.Appx. 756, 759 (10th Cir. 2016)(refusing to extend Bivens to cover a claim that a probation officer violated the plaintiff's right to familial association with her father who resided at a halfway

5

house); Barrett v. Idstein, 2018 WL 1124210 *2 (W.D.Wis. 2/26/2018)(dismissing Bivens claim against probation officers accused of denying plaintiffs' constitutional right to marriage); Zielinski v. DeFreest, 2013 WL 4838833 *10-11 (S.D.N.Y. 9/10/13)(refusing to extend Bivens remedy to alleged First Amendment violation by probation officer). In addition, allowing a Bivens claim under these circumstances could lead to a wide range of actions against probation officers with unpredictable consequences. This is another reason to reject a Bivens claim based on plaintiff's allegations. K.B., supra; Barrett, at *3; see also, Zielinski, at *11 (discussing risk of upsetting balance of statutory scheme governing supervised release).

As a postscript, the court notes that to state a claim for denial of access to the courts plaintiff must allege that he is being impeded in litigating a specific case and that the defendant's actions have resulted in actual harm. Lewis v. Casey, 518 U.S. 343, 349-51 (1996). Plaintiff has failed to do so.

V. The court declines to entertain a claim for declaratory relief.

Plaintiff also seeks declaratory relief against defendant. The court has discretion in determining "whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995). One of the factors for a court to consider in deciding

6

whether to hear a declaratory action is "whether there is an alternative remedy which is better or more effective." State Farm Fire & Casualty Co. v. Mhoon, 31 F.3d 979, 983 (10th Cir. 1994)(quoting Kunkel v. Continental Cas. Co., 866 F.2d 1269, 1275 n.4 (10th Cir. 1989)). In Lawrence v. Kuenhold, 271 Fed.Appx. 763, 766-67 (10th Cir. 2008), the court held that a motion for relief from judgment under state rules of civil procedure provided a more suitable remedy to challenge a state court judgment, than a declaratory judgment action in federal court, and affirmed the dismissal of a declaratory judgment action for this and other reasons.

Plaintiff's conviction and sentence apparently occurred in the Eighth Circuit and the Western District of Missouri. It appears that plaintiff's sentencing court would have jurisdiction to consider a modification of or challenge to his conditions of release. See Barrett, supra; Zielinski, at *10. The court is inclined to refuse to exercise jurisdiction over a claim for declaratory relief because of the availability of this avenue to consider plaintiff's claims.

VI. Motions for leave to proceed in forma pauperis

Upon review, plaintiff's motion for leave to proceed in forma pauperis (Doc. No. 5) shall be granted. The previous in forma pauperis motion (Doc. No. 2) shall be considered moot.

VII. Conclusion

Plaintiff is granted leave to proceed in forma pauperis per Doc. No. 5. His prior motion, Doc. No. 2, is considered moot. The court shall grant plaintiff time until December 10, 2019 to show cause why the court should not dismiss this action or to file an amended complaint which corrects the deficiencies outlined in this order. An amended complaint should be written on the forms supplied by the court and should contain all the claims upon which plaintiff seeks to proceed. The amended complaint should not refer to a previous complaint.

**IT IS SO ORDERED.**

Dated this 13th day of November, 2019, at Topeka, Kansas.

s/Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge